UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

CASE NO.:

DEBORAH GOLAN,

        Plaintiff,

vs.

ENOTA INSTITUTE, INC.
AND SUSAN LYNN FREED.

        Defendants,
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, DEBORAH GOLAN ("GOLAN" OR "PLAINTIFF"), through counsel, sues Defendants, ENOTA INSTITUTE, INC. ("ENOTA INSTITUTE") and SUSAN LYNN FREED, ("FREED") (collectively, Defendants) and alleges the following:

1. This is an action for damages brought under the Fair Labor Standards Act ("FLSA").

2. Plaintiff resides in this Court's jurisdiction and is a former employee of Defendants.

1

3. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

4. The Northern District of Georgia has personal jurisdiction over Defendants because they are doing business in Georgia and in this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to the claim occurred in Towns County, Georgia.

6. At all times material hereto, Defendant, ENOTA INSTITUTE, was a domestic non-profit corporation engaged in the camping business, was licensed to transact business in the State of Georgia, conducted business in Hiawassee, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged, along with its employees, in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

7. In furtherance of her employment, Plaintiff regularly handled goods or materials that traveled through interstate commerce, or used

instrumentalities of interstate commerce, thus providing Plaintiff with the protections of the Fair Labor Standards Act.

8. At all times material hereto, Defendant, SUSAN LYNN FREED was a resident of Hiawassee, Georgia and was the managing agent, director and/or owner of Defendant, ENOTA INSTITUTE; said Defendant acted and acts directly in the interests of the Defendant, ENOTA INSTITUTE, in relation to said co-Defendant's employees. Defendant effectively dominates ENOTA INSTITUTE administratively or otherwise acts, or has the power to act, on behalf of the non-profit corporation vis-a-vis it's employees and had the authority to direct and control the work of others. Thus, SUSAN LYNN FREED was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. From on or about June 7, 2016 to on or about January 08, 2017, Plaintiff worked for Defendants as a customer service representative for an average of 80 hours per week. Despite the fact that Plaintiff routinely worked more than 40 hours in a workweek, Defendants deliberately refused to pay Plaintiff both her minimum wage and overtime pay.

10. Defendants compensated Plaintiff on a salary basis of $1,000 per month for all hours worked, regardless of the number of hours worked. On average, Defendants compensated Plaintiff $3.13 per hour for all hours worked, well below the statutory $7.25 per hour.

11. Plaintiff therefore claims damages for minimum wage violations and overtime violations for each workweek worked. Accordingly, the estimated amount of damages owed to the Plaintiff during this period is $30,837.00 in back wages plus an additional $30,837.00 in liquidated damages, for a total of $61,674.00. This amount is exclusive of attorneys' fees and costs.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (ALL DEFENDANTS)

14. Plaintiff reavers and realleges paragraphs 1-13 herein.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) the

minimum wage for all hours worked; (ii) time-and-a-half overtime pay for all hours worked in excess of 40 hours per workweek, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone:      (954)585-4878
Facsimile:  (954)585-4886
E-Mail:     JLoren@goldbergloren.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363

5